## DUNKLEY CO. v. HUNTLEY MFG. CO.

(Circuit Court of Appeals, Second Circuit.   June 12, 1923.)

No. 287.

**Patents ⊝328—1,256,885, for cherry-pitting machine held not infringed.**
    The Dunkley patent, No. 1,256,885, for a cherry-pitting machine, as limited by the prior state of the art, *held* not infringed by the machine of the Morse patent, No. 1,336,852.

Appeal from the District Court of the United States for the Western District of New York.

Suits in equity by the Dunkley Company against the Huntley Manufacturing Company.   Decrees for defendant, and complainant appeals. Affirmed.

For opinion below, see 285 Fed. 383.

Fred L. Chappell, of Kalamazoo, Mich., and Lyman M. Bass, of Buffalo, N. Y., for appellant.

Fred Gerlach, of Chicago, Ill., and Cleveland G. Babcock, of Buffalo, N. Y., for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM.   Two causes between the same parties are brought here by these appeals.

The first case is the ordinary suit for infringement on patent, to wit, No. 1,256,885, relating to a machine known as a "cherry pitter." The court below dismissed the bill on the ground of noninfringement.

The second case is a bill to restrain defendant from further selling any and all cherry pitters (whether infringements or not) in violation of a certain contract between the parties hereto.   The court below held that on the evidence the contractual relations between the parties had terminated before bill brought, and defendants were therefore entitled to do that of which plaintiff complained.

Having considered the evidence herein, we entirely agree with the court below.

As to the action upon patent, the whole case turned upon the breadth of equivalents to which plaintiff was entitled.   The patent is a very narrow one, and the substantial increment to human knowledge displayed thereby is the utilization of a spiral brush for wiping the cherry pits from the plungers, which removed them from the fruit.   As Judge Hazel pointed out:

"The defendant has no spiral brush; * * * its metal screw or spiral conveyor is a carrier of the pits only; it has no relation whatever to the wiping instrumentality, which reciprocates longitudinally of the drum and is operated by a spring and cam."

This finally disposes of the whole case, and the decree is accordingly affirmed.

As to the suit to restrain from breach of contract, we express no opinion as to whether the pleadings and evidence do not show that

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff has, and always had, an adequate remedy at law. The point had not been urged, and apparently was not raised below.

But, assuming that the suit was well brought, we agree with Judge Hazel that there was strong evidence tending to show a breach by plaintiff which discharged defendant from further obligation antecedent to suit brought. With this finding of fact we are not disposed to interfere, and the decree below is accordingly affirmed.

The defendant will recover one bill of costs in this court.